Justice Breyer,
concurring.
I write separately to emphasize the Court’s statement that “we have no occasion in this case to consider the pre-emptive effect of a specific agency regulation bearing the force of law.” Ante, at 580. State tort law will sometimes help the *582 Food and Drug Administration (FDA) “uncover unknown drug hazards and [encourage] drug manufacturers to disclose safety risks.” Ante, at 579. But it is also possible that state tort law will sometimes interfere with the FDA’s desire to create a drug label containing a specific set of cautions and instructions. I also note that some have argued that state tort law can sometimes raise prices to the point where those who are sick are unable to obtain the drugs they need. See Lasagna, The Chilling Effect of Product Liability on New Drug Development, in The Liability Maze 334, 335-336 (P. Huber & R. Litan eds. 1991). The FDA may seek to determine whether and when state tort law acts as a help or a hindrance to achieving the safe drug-related medical care that Congress sought. Medtronic, Inc. v. Lohr, 518 U. S. 470, 506 (1996) (Breyer, J., concurring in part and concurring in judgment); cf. Bates v. Dow Agrosciences LLC, 544 U. S. 431, 454-455 (2005) (Breyer, J., concurring). It may seek to embody those determinations in lawful specific regulations describing, for example, when labeling requirements serve as a ceiling as well as a floor. And it is possible that such determinations would have pre-emptive effect. See Lohr, supra, at 505 (opinion of Breyer, J.) (citing Hillsborough County v. Automated Medical Laboratories, Inc., 471 U. S. 707 (1985)). I agree with the Court, however, that such a regulation is not at issue in this case.